UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW J. KING,<br><br>                    Petitioner,<br>v.<br><br>WILLIAM E. GITTERE, et al.,<br><br>                    Respondents. | Case No. 3:19-cv-00208-LRH-CBC<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner has not filed his petition on the court's form, as required. LSR 3-1. Even if he had, however, he does not state any cognizable habeas claim. Petitioner asserts that NDOC and its employees are violating his rights by not allowing him to appear in person at his parole hearings. (ECF No. 1-1 at 4). However, a claim is cognizable under 28 U.S.C. § 2254 only if it falls within the "core" of habeas. If a claim would not necessarily lead to the petitioner's speedier release, it does not fall within the core of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). "[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.* at 927. Petitioner's claim would not necessarily lead to his speedier release because the relief he seeks – attendance at his parole hearings – would not necessarily lead to the grant of parole, which is within the discretion of the parole board. The claim in the petition therefore falls outside the core of habeas and must be dismissed. *See Woods v. Valenzuela*, 734 Fed. App'x 394, 396 (9th Cir. 2017) (unpublished disposition).

1

Petitioner is advised that should he choose to pursue his claim, he must file a 42 U.S.C. § 1983 complaint, on the court's form, in a new action only. LSR 2-1.

IT IS THEREFORE ORDERED that this petition for writ of habeas corpus is hereby DISMISSED.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition as non-cognizable to be debatable or wrong.

The Clerk of Court shall send petitioner a copy of his papers in this action, along with two copies of the form for a 42 U.S.C. § 1983 complaint.

The Clerk of Court shall enter final judgment accordingly and close this case.

DATED THIS 29th day of April, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE